**Opinion issued April 21, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00740-CR

———————————

**WILLIAM ORDONEZHERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 297th District Court
Tarrant County, Texas[1]
Trial Court Case No. 1745424R**

---

[1] Pursuant to its docket-equalization authority, the Supreme Court of Texas transferred this appeal from the Fort Worth Court of Appeals to this Court. *See* Misc. Docket No. 23-9079 (Tex. Sept. 23, 2023); *see also* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals).

**MEMORANDUM OPINION**

A jury convicted appellant William Ordonezhernandez of burglary of a habitation with intent to commit other felony—namely, aggravated sexual assault, sexual assault, or aggravated assault with a deadly weapon—and sentenced him to twenty years' confinement. *See* TEX. PENAL CODE § 30.02. Appellant appealed.

On appeal, appellant's appointed counsel and his law partner have filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In the *Anders* brief, counsel states that he has thoroughly reviewed the records and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies the Court with references to the record and legal authorities. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, appellant's counsel informed this Court that he mailed copies of the motion to withdraw and *Anders* brief to appellant and informed him of his right to access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 408–09. Appellant filed

2

a pro se response in a document entitled "Motion for Reversal of Judgment," which we have considered in our review.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. We conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—not counsel—determines, after full examination of the proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (same); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (same).

We affirm the trial court's judgment and grant counsel's motion to withdraw.[2] *See* TEX. R. APP. P. 43.2(a). Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id*. at 827 & n.6.

Attorneys Joshua Stewart Graham and Kevin C. Smith must immediately send the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[2] We deny all other pending motions.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.